## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

TERENCE MOSES,

    Plaintiff,

vs.

USCB CORPORATION,

    Defendant.

CASE NO: 3:09cv-1495 CHS

**COMPLAINT**

1. Plaintiff' seeks relief pursuant to the Fair Debt Collection Practice Act ("FDCPA"), 15 U.S.C. §1692 *et seq*, Connecticut Consumer Collection Agency Act, Conn. Gen. Stat. §36a-800 *et seq*, and regulation issued thereunder, and the Connecticut Unfair Trade Practice Act ("CUTPA"), Conn. Gen. Stat. § 41-110a.

2. The Court has jurisdiction. 15 U.S.C. §1692k, 28 U.S.C. §1331, §1367.

3. Plaintiff is a natural person who resides in Connecticut.

4. Plaintiff is a consumer within the FDCPA.

5. Defendant is a debt collector within the FDCPA.

6. Defendant has a place of business at 101 Harrison St, Archbald, PA 18403 which was not licensed pursuant to chapter 669 Part XII of the Connecticut General Statutes when communicating with the plaintiff in an effort to collect a disputed personal account for Penn Foster.

7. On or around March 14, 2009 Plaintiff received a collection letter from the Defendant dated March 10, 2009 demanding payment on the disputed account.

8. On or around March 19, 2009 Plaintiff called the Defendant and filed an oral dispute of the debt and requested more information. Plaintiff was also informed that if payment was not received within 10 days then the collection account would be place on Plaintiffs' credit reports.

9. On or around May 28, 2009, Plaintiff mailed a debt validation request via certified mail to the Defendant which was received on May 30, 2009.

10. On or around June 8, 2009, Plaintiff received a partial response from the Defendant dated June 5, 2009, the response did not show proof that the Defendant was a licensed consumer collection agency in Connecticut nor did it show how the alleged amount due was calculated or when it was incurred.

11. On or around June 19, 2009 Plaintiff mailed a second debt validation request to the Defendant via certified mail which was received on June 22, 2009.

12. On June 25, 2009 Plaintiff called the Defendant and inquired as to the status of the second pending debt validation request and asked once again if the Defendant was licensed in Connecticut as a consumer collection agency. Plaintiff was informed by the Defendant that "they were indeed licensed in Connecticut but that they would not provide any proof because they didn't have to." Also the Defendant could not provide any proof on how the amount claimed to be due was calculated.

13. As of the filing of this civil action the Plaintiff has not received any proof that the Defendant is or was a licensed consumer collection agency and no proof what so ever of how the amount claimed to be due was calculated.

## FIRST COUNT

14. In collection efforts, Defendant violated the FDCPA, *inter alia,* §1692e, -f, or g.

## SECOUND COUNT

15. Within three years prior to the date of this action Defendant engaged in acts and practices as to the Plaintiff in violation of the Connecticut Consumer Collection Agency Act, Conn. Gen. Stat. § 36a-800 *et seq*.

## THIRD COUNT

16. In collection efforts Defendant committed unfair or deceptive acts or practices within the meaning of the Connecticut Unfair Trade Practice Act, Conn. Gen. Stat. § 42-110a *et seq*.

WHEREFORE premise considered Plaintiff respectfully request this court to:

1. Award Plaintiff statutory damages as permitted by the FDCPA.
2. Award the Plaintiff actual damages as the Court may see fit.
3. Award declaratory relief and any other relief as law or equity may provide.

THE PLAINTIFF

TERENCE MOSES
260 LOMBARD STREET
NEW HAVEN, CT 06513
(203) 619-2307
t.moses28@ymail.com